UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDEGUNDO LANDA, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FLAGSTAR BANK, FSB, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 10cv1429-L(BGS) <br><br> **ORDER REMANDING ACTION TO STATE COURT** |

On July 8, 2010 Defendants Flagstar Bank FSB ("Flagstar") and Mortgage Electronic Registration Systems, Inc. (collectively the "Removing Defendants") filed a notice of removal, removing this mortgage foreclosure action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed "'[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

The Removing Defendants removed this action based on diversity jurisdiction under 28 U.S.C. Section 1332(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000. 28 U.S.C. §1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

The complaint does not specify the amount in controversy. Plaintiffs borrowed funds from Defendant Flagstar to purchase a residence. The loan was secured by a deed of trust on the residence itself. After several months of paying their mortgage payments in full, Flagstar

allegedly raised the monthly payment based on an error or misrepresentation in the property tax amount used to calculate the initially agreed-upon amount. Plaintiffs continued to pay the initially agreed-upon monthly payment while they attempted to resolve the dispute; however, Defendants refused to apply the payments to the loan, but instead deposited them in a "special account" and commenced foreclosure proceedings.

Unlike many mortgage foreclosure cases, Plaintiffs do not seek to rescind the loan. They assert state law causes of action for breach of fiduciary duty, negligence, negligent misrepresentation, intentional misrepresentation, fraud pursuant to California Civil Code Section 1572, violation of California Business and Professions Code Section 17200, slander of title, defamation and intentional infliction of emotional distress. They seek damages in an unspecified amount but greater than $25,000, punitive damages, declaratory relief pertaining to the loan and foreclosure, injunction against foreclosure, restitution of the amounts Defendants unjustly earned at Plaintiffs' expense, and attorneys' fees and costs.

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

The Removing Defendants' only argument that Plaintiffs' allegations put more than $75,000 at issue is that the loan amount and the appraised value of the property far exceed that amount. However, Plaintiffs are not seeking loan rescission. This action, including the relief requested, is essentially a common law fraud action rather than a typical mortgage foreclosure action. Plaintiffs do not seek to rescind the loan. They continued to make the agreed-upon loan payments and apparently seek to enforce the loan on the agreed-upon terms. Accordingly, the amount in controversy is not properly gauged by the loan amount or the property value. The disputed portion of the monthly payment is approximately $1,000 since, at most, the inception of the loan in July 2008. Based on the allegations in the complaint, the court cannot conclude that

1  it is more likely than not that the amount in controversy exceeds the jurisdictional amount.

2      The facts and arguments presented in the notice of removal do not meet the burden of
3  establishing removal jurisdiction.  "If at any time before final judgment it appears that the
4  district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.
5  § 1447(c).  This action is **REMANDED** to the Superior Court of the State of California for the
6  County of San Diego.

7      **IT IS SO ORDERED**.

9  DATED: July 12, 2010

10            _____
11            M. James Lorenz
          United States District Court Judge

12  COPY TO:

13  HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

14  ALL PARTIES/COUNSEL